UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LAMONT JEFFRIES, ) Case No. EDCV 10-1289 JC
          Plaintiff, )
    v. ) MEMORANDUM OPINION
)
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security, )
          Defendant. )

## I. SUMMARY

On September 2, 2010, plaintiff Lamont Jeffries ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; September 9, 2010 Case Management Order, ¶ 5.
///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") at step three are supported by substantial evidence and are free from material error.[1]

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On July 21, 2008, plaintiff filed an application for Supplemental Security Income benefits. (Administrative Record ("AR") 11). Plaintiff asserted that he became disabled on July 31, 2006, due to sleep apnea, chronic asthma and chronic arthritis in his left ankle. (AR 11, 124). The ALJ examined the medical record and heard testimony from plaintiff, a medical expert and a vocational expert on October 28 2009 and December 14, 2009. (AR 21, 38).

On January 15, 2010, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 11, 20). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: morbid obesity, sleep apnea, asthma, degenerative arthritis of left ankle, degenerative disc disease of the lumbar spine, and possible carpal tunnel syndrome (AR 13); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (specifically considering listings 1.02, 1.04, 3.02, 3.03 and 12.04) (AR 14); (3) plaintiff retained the residual functional capacity to perform less than a full range of light work (20 C.F.R. § 416.967(b)) with additional exertional and nonexertional limitations (AR 14-15);[2] (4) plaintiff could

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196 (9th Cir. 2004) (applying harmless error standard); see also Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006) (discussing contours of application of harmless error standard in social security cases).

[2] More specifically, the ALJ determined that plaintiff (i) could stand and/or walk for up to two hours in an eight-hour workday with use of a cane as needed; (ii) could not be on his feet for
(continued...)

not perform his past relevant work (AR 18); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically call out operator and information clerk (AR 19); and (6) plaintiff's allegations regarding his limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 16).

The Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

---

[2](...continued)
longer than 30 minutes at a time and could not work on uneven surfaces; (iii) could sit for up to eight hours in an eight-hour workday with normal breaks (*i.e.*, every two hours); (iv) could lift 20 pounds occasionally and ten pounds frequently; (v) could occasionally stoop or bend; (vi) could not climb stairs or ladders, work at heights or balance; (vii) must work in an air conditioned environment free of excessive pollutants; (viii) could not do forceful gripping or grasping or twisting with his hands; (ix) could do occasional find manipulation and frequent gross manipulation; (x) must be allowed to lie down on his lunch break; and (xi) may miss work once or twice a month. (AR 14-15).

|   |     |                                                                        |
|---|-----|------------------------------------------------------------------------|
| 1 | (2) | Is the claimant's alleged impairment sufficiently severe to limit      |
| 2 |     | his ability to work? If not, the claimant is not disabled. If so,      |
| 3 |     | proceed to step three.                                                 |
| 4 | (3) | Does the claimant's impairment, or combination of                      |
| 5 |     | impairments, meet or equal an impairment listed in 20 C.F.R.           |
| 6 |     | Part 404, Subpart P, Appendix 1? If so, the claimant is                |
| 7 |     | disabled. If not, proceed to step four.                                |
| 8 | (4) | Does the claimant possess the residual functional capacity to          |
| 9 |     | perform his past relevant work? If so, the claimant is not             |
| 10|     | disabled. If not, proceed to step five.                                |
| 11| (5) | Does the claimant's residual functional capacity, when                 |
| 12|     | considered with the claimant's age, education, and work                |
| 13|     | experience, allow him to adjust to other work that exists in           |
| 14|     | significant numbers in the national economy? If so, the                |
| 15|     | claimant is not disabled. If not, the claimant is disabled.            |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

**B.    Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales,

402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff contends that a reversal or remand is warranted because the ALJ's determination at step three that plaintiff's impairment, or combination of impairments, does not meet or equal Listings 1.02A and 1.04C is not supported by substantial evidence. (Plaintiff's Motion at 2-18). The Court disagrees.

### A. Pertinent Law

At step three of the evaluation process, the ALJ must determine whether a claimant has an impairment or combination of impairments that meets or equals a condition outlined in the listing. See 20 C.F.R. § 416.920(d). An impairment matches a listing if it meets all of the specified medical criteria. Sullivan v. Zebley, 493 U.S. 521, 530 (1990); Tackett, 180 F.3d at 1098. An impairment that manifests only some of the criteria, no matter how severely, does not qualify. Sullivan, 493 U.S. at 530; Tackett, 180 F.3d at 1099. An unlisted impairment or combination of impairments is equivalent to a listed impairment if medical

///
///
///
///

findings equal in severity to all of the criteria for the one most similar listed impairment are present.³ Sullivan, 493 U.S. at 531; see 20 C.F.R. § 416.926(b).

Although a claimant bears the burden of proving that he has an impairment or combination of impairments that meets or equals the criteria of a listed impairment, an ALJ must still adequately discuss and evaluate the evidence before concluding that a claimant's impairments fail to meet or equal a listing. Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990) ("[I]n determining whether a claimant equals a listing under step three . . . the ALJ must explain adequately his evaluation of alternative tests and the combined effects of the impairments."). Remand is appropriate where an ALJ fails adequately to consider a listing that plausibly applies to a plaintiff's case. See Lewis v. Apfel, 236 F.3d 503, 514 (9th

///

---

³Under Social Security regulations, medical equivalence can be found in three ways:

(1) If you have an impairment that is described in the Listing of Impairments. . . but [¶] . . . [y]ou do not exhibit one or more of the findings specified in the particular listing, or [¶] . . . [y]ou exhibit all of the findings, but one or more of the findings is not as severe as specified in the particular listing, [¶] . . . [w]e will find that your impairment is medically equivalent to that listing if you have other findings related to your impairment that are at least of equal medical significance to the required criteria.

(2) If you have an impairment(s) that is not described in the Listing of Impairments . . ., we will compare your findings with those for closely analogous listed impairments. If the findings related to your impairment(s) are at least of equal medical significance to those of a listed impairment, we will find that your impairment(s) is medically equivalent to the analogous listing.

(3) If you have a combination of impairments, no one of which meets a listing . . ., we will compare your findings with those for closely analogous listed impairments. If the findings related to your impairments are at least of equal medical significance to those of a listed impairment, we will find that your combination of impairments is medically equivalent to that listing.

20 C.F.R. § 416.926(b).

Cir. 2001) (plaintiff must present plausible theory as to how an impairment or combination of impairments equals a listed impairment).

In order to be considered disabled under Listing 1.02A, a claimant must show that he has a major dysfunction of a major peripheral weight-bearing joint (*i.e.*, hip, knee, or ankle) which results in the claimant's "inability to ambulate effectively." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.02(B). To be considered disabled under Listing 1.04C, a claimant must show that he has lumbar spinal stenosis which also results in, among other things, an "inability to ambulate effectively." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.04(C).

Listing 1.00B2b defines "inability to ambulate effectively" as follows:

> (1) Definition. Inability to ambulate effectively means an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning . . . to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities. (Listing 1.05C is an exception to this general definition because the individual has the use of only one upper extremity due to amputation of a hand.)
>
> (2) To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the

|   |   |
|---|---|
| 1 | inability to use standard public transportation, the inability to carry |
| 2 | out routine ambulatory activities, such as shopping and banking, and |
| 3 | the inability to climb a few steps at a reasonable pace with the use of |
| 4 | a single hand rail. The ability to walk independently about one's |
| 5 | home without the use of assistive devices does not, in and of itself, |
| 6 | constitute effective ambulation. |

20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.00(B)(2)(b).

**B.    Analysis**

Plaintiff contends that the ALJ failed properly to consider Listings 1.02A and 1.04C. (Plaintiff's Motion at 2-18). More specifically, plaintiff argues that the ALJ erred at step three because the record contains evidence of plaintiff's inability to ambulate effectively which was caused by plaintiff's ankle and/or lumbar spine impairments. (Plaintiff's Motion at 5, 8, 10, 12-13, 16, 18). Here, even assuming that plaintiff's impairments meet the criteria for Listing 1.02A (*i.e.*, major dysfunction of plaintiff's ankle) and Listing 1.04D (stenosis of plaintiff's lumbar spine), substantial evidence supports the ALJ's implicit determination that such conditions did not result in plaintiff's inability to ambulate effectively as it is defined in Listing 1.00B2b.

First, the ALJ concluded after "[a] careful review of the medical evidence," that "overall findings on physical examination indicate [that plaintiff] functions reasonably well." (AR 17). For example, although the ALJ noted that plaintiff had "difficulty walking" and needed to use a cane due to plaintiff's 1995 ankle surgery, and that an examination by a physician's assistant found "diffuse tenderness in [plaintiff's] ankle," the ALJ also noted that a state-agency examining physician found "no tenderness at [plaintiff's] ankle joint and good range of motion." (AR 16) (citing Exhibits 3F at 4 [AR 188], 18F at 4 [AR 285]). With respect to plaintiff's spinal impairment, an MRI of plaintiff's lumbar spine showed "neural foraminal stenosis," but a physical examination reflected "good range of

motion" in plaintiff's lumbar spine, as well as a negative straight leg test and 5/5 motor strength. (AR 17) (citing Exhibit 18F at 2, 4 [AR 282, 283-85]). Similarly, while the state-agency physician noted "moderate tenderness in [plaintiff's] lumbar spine," he found "no evidence of true nerve root damage." (AR 17) (citing Exhibit 3F at 4 [AR 188]).

Second, contrary to plaintiff's suggestion, the decision does not reflect that the ALJ ignored his obligation to consider the combined effect of plaintiff's symptoms, signs and laboratory findings when determining whether plaintiff's physical impairments equaled Listing 1.02A or 1.04C. The ALJ was not required to make an express finding that plaintiff was unable effectively to ambulate due to plaintiff's ankle and back impairments. See Lewis, 236 F.3d at 513 ("Marcia simply requires an ALJ to discuss and evaluate the evidence that supports his or her [step three] conclusion; it does not specify that the ALJ must do so under the heading 'Findings.'"). Here, in light of the ALJ's thorough discussion of the medical evidence, the ALJ's statement that such discussion supported his step three findings,[4] as well as the ALJ's assertion that his residual functional capacity assessment accounted for any functional limitations from plaintiff's obesity and "the combined effects of [plaintiff's] various impairments," it is reasonable to infer that the ALJ did not find that plaintiff's impairments, individually or in combination, caused an "extreme limitation of [plaintiff's] ability to walk" or that such impairments "interfere[d] very seriously with [plaintiff's] ability to independently initiate, sustain, or complete activities" (*i.e.*, inability to ambulate effectively).

Finally, plaintiff argues that the medical expert's testimony (which the ALJ adopted) that plaintiff should "avoid uneven surfaces" together with the ALJ's

---

[4]The ALJ specifically noted that his step three findings were supported by "[a] more detailed discussion" later in the administrative decision. (AR 14).

9

statement in his residual functional capacity assessment that plaintiff "cannot work on uneven surfaces" establish plaintiff's "inability to ambulate effectively." (Plaintiff's Motion at 7, 9-10, 14, 17-18) (citing AR 14, 42 (emphasis added)). Plaintiff's argument, however, is erroneously based on a misreading of the record and Listing 1.00B2b. Contrary to plaintiff's several assertions, the ALJ did not state that plaintiff "cannot <u>walk</u> on uneven surfaces" (Plaintiff's Motion at 7, 10, 18), but instead determined only that plaintiff "cannot <u>work</u> on uneven surfaces" (AR 14) (emphasis added). Plaintiff presents no objective medical evidence to support his assertion that his inability to "*work* on uneven surfaces" was the same as an "inability to walk a block at a reasonable pace on rough or uneven surfaces" – which, as plaintiff correctly notes, Listing 1.00B2b provides as an example of a claimant's "inability to ambulate effectively." Even so, this Court will not second-guess the ALJ's reasonable determination that plaintiff's medical records do not demonstrate such an "inability to ambulate effectively" resulting from plaintiff's ankle or back impairment, even if such medical evidence could give rise to inferences more favorable to plaintiff. See <u>Robbins</u>, 466 F.3d at 882.

Accordingly, a remand or reversal on these grounds is not warranted.

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 25, 2011

/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE